UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RAMIRO LOACHAMIN,

                        Petitioner,         ORDER

-vs-

                                                  25-CV-6502-MAV

STEPHEN KURZDORFER, *in his official capacity as Director of Buffalo Field Office, et. al.*,

                        Respondents.

Petitioner, an alien subject to a final order of removal, filed *pro se* this habeas petition under 28 U.S.C. § 2241, alleging that Respondents violated his due process rights under the Constitution. Petitioner alleges, *inter alia*, that he has been in custody under 8 U.S.C. § 1231(a)(6) for approximately 23 months without a bond hearing. ECF No. 1. Therefore, he asks the Court to order his immediate release or, in the alternative, a bond hearing where the Respondents bear the burden to prove by clear and convincing evidence that his continued detention is necessary to prevent flight or danger to the community. *Id*. Respondents filed their answer on November 13, 2025. ECF No. 5.

On December 4, 2025, Respondents moved to dismiss this action as moot, on the grounds that Petitioner is no longer in the custody of the United States because he was removed from the United States on December 2, 2025. ECF No. 9. Respondents' motion was supported by a declaration from Special Assistant United States Attorney Marvin Muller, who declared that the Department of Homeland

1


Security had advised him of Petitioner's removal and release. ECF No. 9-2.

On December 9, 2026, the Court received two hand-written letters from Petitioner, both dated November 26, 2025. ECF No. 11. Petitioner's first letter notified the Court of Petitioner's change of address from the Buffalo Federal Detention Facility to the Winn Correctional Center in Winnfield, Louisiana. ECF No. 11 at 1–2. The second letter notified the Court of Petitioner's intention to "withdraw [his] habeas motion" in this case, and asked that this case be closed as soon as possible. *Id.* at 3–7. Because Respondents had already filed their answer, Petitioner was not entitled to voluntary dismissal without Court order under Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure Rule. Therefore, the Court construes Petitioner's letter as a motion for voluntary dismissal under Rule 41(a)(2).

Nevertheless, the Court need not address Petitioner's motion because the Court agrees with Respondents that this action is moot. Where an alien detainee's habeas petition under § 2241 seeks only a bond hearing or release from detention, that petition becomes moot once the alien has been removed from the United States. *See Hassoun v. Searls*, 976 F.3d 121, 127 (2d Cir. 2020) (citing *Nieto-Ayala v. Holder*, 529 F. App'x 55, 55 (2d Cir. 2013)). "This is because the relief sought in the 'habeas proceeding—namely, release from continued detention in administrative custody—has been granted.'" *Mukonkole v. Garland*, No. 20-CV-6599-FPG, 2023 WL 2501045, at *1 (W.D.N.Y. Mar. 14, 2023) (quoting *Arthur v. DHS/ICE*, 713 F. Supp. 2d 179, 182 (W.D.N.Y. 2010)). Indeed, "[t]he hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona v.*

*Shiff*, 702 F.2d 380, 386 (2d Cir. 1983).

Thus, the Court finds that as a result of Petitioner's release from Respondents' custody, his application for a writ of habeas corpus is moot. *See Ojo v. Wolf*, No. 6:20-CV-06296 EAW, 2021 WL 795320, at *2 (W.D.N.Y. Mar. 2, 2021). It is hereby

ORDERED, that Respondents' motion to dismiss [ECF No. 9] is granted; and it is further

ORDERED, that Petitioner's application [ECF No. 1] is dismissed.

The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:    January 30, 2026
         Rochester, New York

                                    _____
                                    HON. MEREDITH A. VACCA
                                    United States District Judge